O’Connell, Acting Chief Judge,
delivered the opinion of the court:
This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the rejection-by the Primary Examiner, on the ground of lack of invention over prior art, of claims 4 and 5 of appellant’s application for a patent on.afood product and method of making..the same. The appealed claims read as follows: ■
4. A method of making a peanut butter food compound, consisting:of the steps of adding fluid pectin and corn syrup in fluid condition to peanut butter and thoroughly admixing the ingredients, the pectin serving to reduce the- oil content of the peanut butter whereby the spreading qualities of the peanut butter will be improved and whereby the adhesiveness of the peanut butter will be reduced and the syrup offsetting the bitter taste of the pectin, the pectin ánd corn syrup being less than 5% by weight of the peanut butter with which it is admixed.
• 5. An edible food product comprised of 16 parts peanut butter, 1 part liquid pectin, and 2 parts of corn syrup.
The references are:
Sell, 1,416,387, May 16, 1922.
Howe, 1,696,766, Dec. 25, 1928.
Musher, 2,217,701, Oct. 15, 1940.
*702 Appellant’s alleged invention is a food compound comprising peanut butter to which liquid pectin and corn syi'up have been added. A preferred ratio is 16 parts of peanut butter to 1 part of pectin and 2 of corn syrup. The claimed method consists merely in adding the pectin and syrup in.fluid form to the peanut butter and thoroughly mixing them therewith. It is stated in the application that the added ingredients serve to improve the quality, smoothness and spreading qualities of the peanut butter and to reduce or eliminate its tendency to stick to the teeth and the roof of the mouth.
The patent to Sell discloses a food product comprising peanut butter to which has been added brown sugar, syrup, sorghum, honey or glucose in syrup form. It is stated that the resultant mixture will harden and may then be easily pulverized in which condition it may be kept until it is to be used, when it is mixed with water and heated to form a paste. The addition of the sugar or syrup is said to eliminate the oily taste of the product as well as its tendency to stick to the mouth.
The patent to Howe discloses the production of a peanut butter which will not stick to the mouth. The process described comprises the addition, to the peanut butter of between 5% and 30% of a sugar or a syrup which may be malt syrup, sorghum syrup, corn syrup or maple syrup. When such syrups are used they are dried and powdered before they are incorporated in the peanut butter. The resultant product “possesses the appearance of ordinary peanut butter and is still in its paste form.” The patentee also states that fruit or vegetable juices as well as proteins such as gelatine, albumen and their related forms' may be used in powdered form for the same purpose as the sugar or syrup, and that more than one of the materials given may be used at one time if desired.
The patent to Musher relates to a peanut butter which will be improved as to palatability and spreading properties, and which will not stick to the roof of the mouth. This result is produced by adding to the peanut butter one of a number of specified substances including cornstarch, pectin and various vegetable gums, in a pasty or. gelatin-ized form. The final product is said to be more rigid than ordinary-peanut butter, so that it may be made into bricks.
The cited references, like the appellant’s application, are concerned with the problems of improving the flavor of peanut butter and reducing or eliminating its tendency to stick to the mouth, and they solve these problems by the addition of substances which include those recited in the appealed claims. Corn syrup is specifically mentioned by Howe and pectin by Musher. Howe also expressly suggests the use of two different added ingredients at the same time.
Under these circumstances we are in agreement with the Board of *703 Appeals that the appealed claims cover nothing more than a matter of choice or selection' which would be well within the skill of the ordinary worker in the art. There is nothing of record to show that pectin and corn syrup combine to produce any new or unexpected result, or that their total effect, when they are added to peanut butter, differs from the sum of their individual effects.
The particular proportions recited in the appealed claims have not been shown to be in any way critical. In fact, appealed claim 4 specifies that the pectin and'corn syrup shall be less than 5% by weight of the peanut butter, whereas in the specific compound recited by claim 5, the pectin is 6½% and the corn syrup 12½.% by weight of the peanut butter. It seems clear, therefore, that patentability of the claims cannot be predicated on the specific amounts of the materials used. The amounts to be used in practice would depend upon the desired flavor and anti-clogging effect, and would be determined by taste and experiment.
The consistency of the final product is also considered to be a matter of-choice. Sell and.Musher produce compounds which differ in consistency from the original peanut butter, but, as above 'noted, Howe states that his product “possesses the appearance of ordinary peanut butter and is still in its paste form.” The desired consistency may be obtained by employing the additives in dry or liquid form.
We are of the opinion that the appealed claims recite nothing more than the use of known materials for known purposes and in proportions which involve nothing more than the ordinary skill of the art.
The decision of the Board of Appeals is affirmed.
Jackson, Judge, retired, recalled to participate.